**FILED**
**OCT 1 5 2010**
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re ) Case No. 09-47577 RLE
)
MULTIPLE ALLIED SERVICES, INC., ) Chapter 7
dba MIRACLE AUTO PAINTING, )
)
)
)
)
)
Debtor. )
_____)

**MEMORANDUM RE KAYLAND OF SACRAMENTO, LLC'S MOTION TO FIX THE AMOUNT OF ATTORNEYS' FEES AND COSTS DUE AS ADMINISTRATIVE RENT**

Landlord is entitled to an administrative claim for all legal services performed from the petition date until the leasehold was surrendered on January 22, 2010. The court determines the amount of such fees to be $28,066.

The lease was deemed rejected on December 17, 2009, when Debtor failed to assume it within 120 days after the filing of the petition. 11 U.S.C. § 365(d)(4).

Although section 365(d)(4) requires Debtor to surrender the premises immediately upon rejection, Judge Jellen determined that Debtor did not surrender the premises before it was ordered to do so on January 22, 2010.

MEMORANDUM RE AMOUNT OF
ATTORNEYS' FEES AND COSTS
DUE AS ADMINISTRATIVE RENT            -1-

Landlord and Trustee stipulated on March 4, 2010 that Landlord's administrative claim included unpaid rent from the petition date through date of actual surrender of the premises (rather than the date of deemed rejection), and that "rent" for such period included any contractual obligation to pay attorneys fees (the Stipulation).

Trustee argues that, but for the Stipulation, Landlord could recover only those fees incurred between the petition date and the date of rejection. <u>Cukierman v. Uecker (In re Cukierman)</u>, 265 F.3d 846, 852 (9th Cir. 2001).

Trustee seeks to be relieved of the Stipulation on three grounds: mistake; lack of notice to creditors; and lack of consideration. Mistake is not a sufficient basis to set aside the Stipulation, because the mistake was neither mutual nor caused by Landlord. The Stipulation stated very clearly that Landlord could recover attorneys fees incurred through the date of surrender. Lack of notice to creditors is not a sufficient basis to set aside the Stipulation, because the court declines to permit Trustee to attack his own act as <u>ultra vires</u>, especially where that act was not a settlement of all issues, but merely a narrowing of issues for a final hearing. Lack of consideration is also not a sufficient basis to set aside the Stipulation. By narrowing the issues to be resolved at a final hearing, the Stipulation provided a benefit to the estate by reducing the estate's litigation costs. At the same time, it is also far from clear that the Stipulation gave away a valid defense to a claim for fees incurred between rejection and surrender. Debtor's failure to surrender the premises upon rejection violated Debtor's duties under section

365(d)(4), which gave rise to an administrative claim for damages caused by that violation. see In re Malden Mills Industries, Inc., 303 B.R. 688 (1st Cir. BAP 2004); see also In re TSB, Inc., 302 B.R. 84 (Bankr. D. Idaho 2003).

The attorneys fees provision in the lease makes all fees incurred by Landlord to enforce its rights under the lease payable immediately as rent. The services performed from the petition date though the date of surrender meet that criterion. The lease provision does not limit the amount payable to reasonable fees (although it also appears that the amounts sought are reasonable). It thus appears that all attorneys fees incurred from the petition date through the date of surrender constitute an allowable administrative claim. See Cukierman, 265 F.3d at 852 (whether fees recoverable as administrative expense depends upon whether those fees are payable during administrative rent period under terms of lease).

Under the bright-line test adopted by the Ninth Circuit in Cukierman, fees incurred after the surrender date cannot be accorded administrative expense priority, even if those fees relate directly to the enforcement of pre-surrender lease obligations. In Cukierman, the BAP had held that the landlord was entitled to fees incurred post-rejection in enforcing its rights to pre-rejection rent, but the court of appeals expressly rejected that approach and reversed the award of fees incurred after surrender. Id.

Oct 15, 2010

Date

Hon. Thomas E. Carlson

MEMORANDUM RE AMOUNT OF
ATTORNEYS' FEES AND COSTS
DUE AS ADMINISTRATIVE RENT -3-